

FILED
JAN 15 2016
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>FREDERICK ALLEN RICH and and SARAH MARIE RICH,<br><br>Debtors. | Case No. 15-12089-A-7<br>TCS-1<br><br>**MEMORANDUM** |

Appearances: Nancy D. Klepac, Law Offices of Timothy C. Springer, Fresno, California, for Frederick Allen Rich and for Sarah Marie Rich

James Edward Salven, Chapter 7 Trustee, in propria persona

Rule 4004(c)(2)[1] authorizes the court to defer the entry of discharge in a chapter 7 bankruptcy, which extends the in personam protections of the stay. 11 U.S.C. § 362. The debtors owe nondischargeable taxes, which will be paid when a final distribution is made upon case closure. They fear that their tax creditors will garnish their post-petition wages after the discharge issues but before the trustee distributes estate funds. Should the court defer the discharge?

**FACTS**

Frederick Allen Rich and Sarah Marie Rich ("Riches") filed chapter 7 bankruptcy. James E. Salven ("Salven") was appointed trustee. On the date they filed bankruptcy, the Riches owned a 2007 Lexus RX350 sport utility vehicle and a 2007 Toyota Camry sedan with a collective value of $15,309.00. Liens against the vehicles totaled $6,848.00. The Riches exempted $2,900.00, leaving non-exempt equity of $5,561.00. The Riches scheduled priority taxes of $2,710.00 owed to the Internal Revenue Service and $999.00 owed to the Franchise Tax Board. Both tax debts are nondischargeable. They also scheduled general unsecured debts of $174,679.00.

After obtaining court approval, the Riches purchased the non-exempt portion of their vehicles from the estate for $5,600.00.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1-86.

The claims bar date has passed. No secured claims were filed. Priority tax claims filed aggregate $3,671.05 and general unsecured claims filed total $107,299.25.[2]

The Trustee's Final Report has not issued and, according to the Riches, it may take trustee Salven "in excess of a year" to administer the estate and distribute monies to creditors.[3] The Riches believe that the estate is holding $4,290.00[4] for payment of creditors. Because there are no secured creditors and no other non-administrative priority creditors, it is all but certain that the Riches' nondischargeable taxes will be paid in full when the trustee distributes funds after administering the case.

The Riches are concerned that the Internal Revenue Service or the Franchise Tax Board will attempt to collect these nondischargeable, pre-petition debts after the discharge issues but before Salven distributes estate funds. In support of the motion, the Riches filed a joint declaration stating that they "fear that without the grant of this motion, the Trustee will not pay our

---

[2] This amount includes $72,556.63 of student loan debt due the U.S. Department of Education and American Education Services, which the court presumes is nondischargeable under § 523(a)(8) absent an adversary proceeding in which the debtors prevail in showing undue hardship if the student loans are excepted from discharge. No such adversary proceeding has been filed in this case.

[3] Springer Decl. ¶ 14, filed Aug. 26, 2015, ECF No. 27. This estimate is consistent with data compiled by the U.S. Trustee, which estimates that most chapter 7 asset cases take between one and four years to administer and close. *See* U.S. Tr. Program, U.S. Dep't of Justice, *Preliminary Report on Chapter 7 Asset Cases 1994 to 2000*, at 7 (2001), *available at* http://www.justice.gov/sites/default/files/ust/legacy/2011/07/13/Publicat.pdf (last visited Jan. 6, 2015).

[4] The amount available for payment of creditors is net of administrative expenses of the chapter 7 trustee and is calculated by reducing the liquidated assets of $5,600.00 by the chapter 7 trustee's fees of $1,310.00 ($5,000 x 25% = 1,250.00 + $600 x 10% = $60.00). *See* 11 U.S.C. § 326(a).

priority [tax] creditors prior to them [sic] taking action against us."[5]

**PROCEDURE**

The Riches move under Rule 4004(c)(2) to defer discharge until the earlier of the trustee's filing of his final report or two years from the date they bought the non-exempt portion of their vehicles. They do so for the express purpose of retaining the in personam benefits of the stay under § 362 until such time as the trustee pays allowed claims and, in their case, satisfies their nondischargeable tax debts.[6] Stated conversely, the Riches seek to preclude the taxing agencies from collecting pre-petition, non-dischargeable taxes from their post-petition wages because it is probable that those claims will eventually be paid in full by the estate. Neither the trustee, nor any creditor, opposes the relief sought.

**JURISDICTION**

This court has jurisdiction. *See* 28 U.S.C. §§ 1334, 157(a); General Order No. 182 of the U.S. District Court for the Eastern District of California. This is a core proceeding in which this court may enter final orders. *See* 28 U.S.C. § 157(b)(2)(A),(G).

---

[5] The debtors' fear is not without basis. Their counsel, Timothy C. Springer, filed a declaration in support of the motion recounting a similar case, *In re Moreno*, No. 13-17257 (Bankr. E.D. Cal. 2013), wherein the estate held funds sufficient to pay nondischargeable taxes but after the discharge issued and before the trustee distributed funds to the taxing agencies, the Franchise Tax Board garnished the debtor's wages to collect pre-petition taxes. Springer Decl. ¶ 14, filed Aug. 26, 2015, ECF No. 27.

[6] Because the stay remains in effect as to property of the estate even after a discharge issues, *see* § 362(c)(1), the estate will not benefit from a deferral of discharge as to the debtors individually.

## DISCUSSION

### I. Legal Standards

Chapter 7 offers debtors a stay from the collection efforts of creditors, *see* § 362(a), and a discharge of most unsecured debts. 11 U.S.C. § 727. The stay protects a debtor individually, providing a respite from collection efforts by creditors, *see* § 362(a)(1), (6)-(7), and it also protects property of the estate, allowing the trustee to administer assets and distribute proceeds in accordance with the priority scheme of the Bankruptcy Code, *see* § 362(a)(2)-(5). As to the debtor, the stay evaporates when the case is closed, the case is dismissed, or the discharge is entered, §§ 362(c)(2), 727(a).

Timing for issuance of the discharge is governed by rule, not by statute. *Compare* 11 U.S.C. § 727 (specifying no time for entry of discharge), *with* Fed. R. Bankr. P. 4004(c) (specifying time for entry of discharge). As a general rule, in chapter 7, upon expiration of times fixed for objecting to discharge and bringing a motion to dismiss for abuse under § 707(b), "the court shall forthwith grant the discharge . . . ." Fed. R. Bankr. P. 4004(c)(1). Some exceptions to this timing rule exist. First, Rule 4004(b) permits the court to extend the deadline to object to discharge, delaying the entry of discharge under Rule 4004(c)(1). Second, the court may defer the entry of discharge while specified issues remain unresolved.[7] Third, on motion of the debtor and a proper showing, the court may defer discharge. Fed. R. Bankr. P. 4004(c)(2).

---

[7] *In re Roderick*, 425 B.R. 556, 570 n.9 (Bankr. E.D. Cal. 2010) reminds us that discharge is deferred "for so long as there is pending a motion to dismiss the case under § 707, Fed. R. Bankr. P. 4004(c)(1)(D); for so long as there is pending a motion to extend the time for filing a motion to dismiss the case under Rule 1017(e); Fed. R. Bankr. P. 4004(c)(1)(F); until the debtor pays the case filing fee, Fed. R. Bankr. P. 4004(c)(1)(G); until the debtor files a statement of completion of a course in personal financial management, Fed. R. Bankr. P. 4004(c)(1)(H); while a motion is pending to defer

Rule 4004(c)(2) provides: "Notwithstanding Rule 4004(c)(1), on motion of the debtor, the court may defer the entry of an order granting a discharge for 30 days and, on motion within that period, the court may defer entry of the order to a date certain."

The decision to defer the entry of discharge is entrusted to the discretion of the bankruptcy court. *In re Petrone*, 498 B.R. 1, 3 (B.A.P. 1st Cir. 2013). Allowing the debtor to defer the discharge gives the debtor some measure of control of the process otherwise atypical of chapter 7. By design, chapter 11 and chapter 13 provide a nuanced approach to debt resolution, offering debtors not only the stay, § 362, and a discharge, § 524, but also the opportunity to restructure the debtor-creditor relationship and to control the bankruptcy process. *See e.g.* 11 U.S.C. §§ 1121(b), (c)(3), 1123(b)(1), (5), 1321, 1322(b)(2). By comparison, chapter 7 is a crude alternative in bankruptcy as it generally denies debtors restructuring opportunities and control of the process. By electing chapter 7, debtors trade the more deliberate approach and refinements of chapters 11 and 13 for the cost-effectiveness and expeditiousness of chapter 7. Because the relief sought by a Rule 4004(c)(2) motion cuts against the grain of chapter 7, it should be granted sparingly and begrudgingly. *See In re Bailey*, 2010 WL 4702354 (Bankr. N.D. Ga. Nov. 17, 2010) (denying a deferral of discharge that was sought to allow the debtor to litigate an adversary proceeding). Further, when

---

or postpone discharge per § 727(a)(12), Fed. R. Bankr. P. 4004(c)(1)(I); as long as there exists a presumption that a reaffirmation agreement is an undue hardship under § 524(m), Fed. R. Bankr. P. 4004(c)(1)(J); while there is pending a motion to delay discharge on the basis that the debtor has not filed all tax documents required by § 521(f), Fed. R. Bankr. P. 4004(c)(1)(K); or until 30 days after a debtor [who] is required to file a statement under Rule 1017(b)(8) has filed the statement, Fed. R. Bankr. P. 4004(c)(3)."

the court is swayed to grant a Rule 4004(c)(2) motion, the deferral should be narrowly tailored to the need that occasioned the motion. *In re Roderick*, 425 B.R. 556, 570 (Bankr. E.D. Cal. 2010) (deferring discharge while the debtors awaited a mortgage holder's long-promised loan modification).

The most important consideration in granting, or denying, a Rule 4004(c)(2) motion is the debtor's good faith. *Roderick*, 425 B.R. at 570 ("The threshold prerequisite to an exercise of discretion to defer discharge under Rule 4004(c)(2) is that the debtors must be acting in good faith."); *see also In re Petrone*, 498 B.R. at 3. In the context of discharge-deferral requests, good faith has several ingredients. *Roderick*, 425 B.R. at 570. First, the motion must be supported by a showing of cause.[8] *Id.* at 561 (applying Rule

---

[8] Unlike Rule 4004(b)(1), which requires a showing of "cause," Rule 4004(c)(2) is silent on the standard by which the request for deferral is granted or denied. As originally envisioned, it was intended to allow debtors time to memorialize settlement of nondischargeability actions by using a reaffirmation agreement, which must be entered before the discharge issues. Rule 4004(c) was added in 1983, and at that time, the Advisory Committee Note stated:

> The last sentence of subdivision (c) takes cognizance of § 524(c) of the Code which authorizes a debtor to enter into enforceable reaffirmation agreements only prior to entry of the order of discharge. Immediate entry of that order after expiration of the time fixed for filing complaints objecting to discharge may render it more difficult for a debtor to settle pending litigation to determine dischargeability of a debt and execute a reaffirmation agreement as a part of a settlement.

Fed. R. Bankr. P. 4004(c)(2) 1983 Advisory Committee's Note. But Rule 4004(c)(2) has also been applied to defer the discharge during the negotiation of reaffirmation agreements occurring independently of discharge-exception litigation. *In re Roderick*, 425 B.R. 556, (Bankr. E.D. Cal. 2010). While tempting to construe Rule 4004(c)(2) as authorizing deferral of the discharge only in instances where the debtor is attempting to negotiate a reaffirmation agreement, such a construction is unnecessarily cramped. Rule 4004(c)(2) leaves the issue to the discretion of the court. The 1983 Advisory Committee Note's enumerated grounds for deferral are illustrative and not exclusive.

4004(c)(2) to ongoing mortgage modification negotiations).[9] Second, deferral of discharge should not afford the debtor a free ride, i.e., a benefit obtained at the creditors' expense while avoiding the attendant costs. *Id.* at 570. Third, the motion should maintain the status quo (especially when a party other than the debtor occasions the need for deferral of discharge and the continued protection of the stay) rather than work a de facto resolution between the debtor and creditors. *Id.* Fourth, the length of deferral, and resulting extension of the in personam stay, should be commensurate with the need that occasioned the request. *Id.* at 571. Fifth, a debtor's request for deferral should be denied if it appears to be part of an effort for the long-term adjustment of creditors' rights, which should more properly be accomplished in Chapter 11 or Chapter 13. *Id.*

## II. Satisfaction of Nondischargeable Debt as Cause under Rule 4004(c)(2)

No known case has considered whether Rule 4004(c)(2) may be applied to defer the discharge based on the sufficiency of estate funds to satisfy nondischargeable, prepetition debt and the debtor's subjectively held belief that a creditor may seek to collect that debt from post-petition assets or wages before the creditor receives its distribution from the estate.

But good faith exists here. The factual reasons for seeking a deferment constitute cause. The estate holds $5,600. No secured

[9] Admittedly, *In re Roderick*, 425 B.R. 556, 570 (Bankr. E.D. Cal. 2010), a reaffirmation case, does not use the word "cause" in deciding to defer discharge. And implying a cause standard from *Roderick* requires a broad reading of that decision.

claims have been filed. Priority claims comprise the trustee's fees of $1,310.00 and priority tax debt of $3,671.05. The existence of nondischargeable debt coupled with the existence of estate funds to satisfy such debt presents a sufficient reason to defer discharge. Further, the debtors have the subjective belief that the termination of the in personam portion of the stay when discharge issues may result in their tax creditors' collection of their post-petition earnings before the trustee distributes funds. This belief is objectively reasonable based on the facts and the law.

By deferring discharge, moreover, the debtors are not achieving a benefit for which they have not paid. Having filed a chapter 7 bankruptcy, the estate of which held non-exempt assets, the debtors were put to the hard choice of surrendering their automobiles for sale by the trustee (retaining only the $2,900.00 vehicular exemption) or purchasing the non-exempt portion of the vehicles back from the trustee. They chose the latter and did so by parting with cash of $5,600.00.[10]

Granting this motion is consistent with maintaining the status quo, i.e., the nondischargeable tax debt remaining outstanding until such time as the estate distributes funds. The debtors' request is

---

[10] Because Schedule B reflects liquid assets of only $168.35 and because the trustee had received the debtors' payment of $5,600 from the debtors not more than 75 days after the petition, the court infers a sacrifice on the part of the debtors to raise the funds necessary to pay the trustee, likely from post-petition income or wages, a loan against the debtors' 401(k) account, a third party loan, the sale of an exempt asset, or possibly a gift from a family member.

occasioned not by their own actions but by delays associated with administration of their chapter 7 case.[11]

The length of the deferral sought, though, is not commensurate to the underlying need for discharge deferral. The Riches believe it will take "in excess of a year" to administer the estate and distribute funds. Their motion seeks deferral for up to two years. But to the extent that the Riches seek to defer discharge for longer than one year, the relief is not supported by the evidence offered in support of the motion and is inconsistent with the teachings of *Roderick*, 425 B.R. at 571, that discharge should be deferred for short periods only, with deferment narrowly tailored to meet the need for it.

Finally, such a motion is not an improper attempt to adjust the rights of the debtors and the creditors on a long-term basis. Admittedly, controlling the timing of payment and delaying payment of priority tax debt is a problem usually addressed in chapter 11, *see* § 1129(a)(9)(C), or in chapter 13, § 1322(a)(2). But it is only the attempted use of chapter 7 as a "long-term procedure for adjusting creditor's rights" that presents an obstacle to relief under Rule 4004(c)(2). Here, the deferral has a minimal effect on creditors' rights. Its duration is short. By inference, the motion cannot be

---

[11] No criticism of the trustee is intended. Administration of chapter 7 asset cases usually takes between one and four years. U.S. Tr. Program, U.S. Dep't of Justice, *supra* note 3. This lapse between the entry of discharge and distribution of estate funds places the debtor's post-petition income at risk to the collection efforts of creditors that hold nondischargeable debts, even though the estate holds sufficient funds to pay those nondischargeable, pre-petition debts.

an attempt to use chapter 7 for the improper purpose of long-term debt adjustment.

**CONCLUSION**

For each of these reasons the motion will be granted in part and denied in part. Discharge will be deferred until the earlier of the filing of the Chapter 7 Trustee's Final Account and Distribution Report or one year from October 23, 2015, the date of the order approving the sale of the non-exempt equity to the debtors.[12] All other requested relief is denied.

Dated: January 15, 2016

Fredrick E. Clement
United States Bankruptcy Judge

---

[12] In the event the trustee has not distributed funds by terminus of the one-year period specified in the discharge-deferment order, i.e., by October 23, 2016, the court's denial is without prejudice to further motions under Rule 4004(c)(2) by the debtors. *In re Roderick*, 525 B.R. at 567; *Petrone*, 498 B.R. at 2 (bankruptcy court did not abuse its discretion by denying the debtor's 27th request to defer discharge).

**Instructions to Clerk of Court**
**Service List**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___X______ Other Persons Specified Below:

Office of the United States Trustee
2500 Tulare Street
Suite 1401
Fresno, California 93721